Submitted on record and brief October 28, 1991, judgment modified to award wife $7,500 and award house to husband subject to lien securing the judgment; otherwise affirmed May 13, 1992

In the Matter of the Marriage of

Kenneth W. JONES,
*Appellant,*

*and*

Jackie J. JONES,
*Respondent.*

(90DM0356; CA A67090)

831 P2d 62

Keith J. Rohrbough, Albany, filed the brief for appellant.

No appearance for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

In this appeal from a dissolution judgment, husband argues that the trial court erred in its property division. On *de novo* review, we modify the judgment.

The parties met in early 1987 and began living together soon thereafter. They married in late September, 1989. In May, 1990, husband filed a petition for dissolution. The judgment of dissolution divided the marital assets equally. Husband appeals only the part of the judgment requiring that the parties' real property be sold and the net proceeds be divided equally.

Husband brought two significant assets to the marriage: almost $50,000 from a workers' compensation settlement and real estate in California with a basis of $181,000. Wife brought some furnishings and one or two thousand dollars to the marriage. Husband did not work during the course of the marriage, due to physical disabilities, and wife worked sporadically, earning $6,000 to $7,000 each year.

In early 1988, husband used $8,000 of his worker's compensation settlement as a down payment on the purchase of a $48,000 home. Subsequent mortgage payments and other expenses related to the home were also largely drawn from husband's settlement and from rents that he received from his California property. In early or mid-1989, husband sold his California property and received $173,750 in net proceeds. Some of that money was spent on medical bills for both husband and wife and on legal fees for husband.[1] Another portion of that money was used to make a down payment on the $78,000[2] purchase price of an apartment complex in August, 1989. Mortgage payments and other expenses related to the apartment complex came out of rents

---

[1] Husband was indicted and convicted on criminal charges in Alaska that are unrelated to this case. He has incurred large legal fees for his defense and in the appeal from his conviction.

[2] The earnest money agreement and counteroffer show a purchase price of $74,000. Husband testified that, in addition, he assumed liability for back taxes of between $2,000 and $5,000. Wife testified that the purchase price was $78,000. Although she testified that there was a down payment of about $20,000 in addition to the $78,000, we conclude that the total purchase price, including back taxes, was actually $78,000.

collected on the apartments and funds from the sale of husband's California property.

In January, 1990, husband was extradited to Alaska. In his absence, wife managed the parties' finances and property. The major portion of the assets have been expended for attorney fees connected with husband's criminal case. There is evidence that wife mismanaged the apartment complex, leading to a notice by the city of Coos Bay that the apartment is substandard under the Uniform Housing Code and that the building will be declared a nuisance if it is not repaired.

ORS 107.105(1)(f) requires a court to divide property in such a manner "as may be just and proper in all the circumstances." The statute also creates "a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage * * *." However, "[a] party can overcome that presumption by showing that she brought more to the marriage than did the other." *Wolhaupter-Heinzel and Heinzel*, 108 Or App 514, 519, 816 P2d 672, *rev den* 312 Or 526 (1991).

Husband has rebutted the statutory presumption by showing that almost all of the marital assets were acquired with money and property that he brought to the marriage. We conclude that, because of the substantial assets brought to the marriage by husband and the relatively minor financial contributions made by wife, wife is entitled to share only in any increase in value of the marital property that accrued during the relationship.[3] *Holt and Holt*, 97 Or App 192, 197, 776 P2d 7 (1989).

At the time of dissolution, the parties had accepted an offer of $75,000 for the apartment complex, $3,000 less than the purchase price. As the only evidence of value, we accept $75,000 as the value of that property at the time of dissolution. Therefore, there was a loss of $3,000 on the complex. The purchase price of the house was $48,000 and, at the time of dissolution, it was assessed at $66,000, an increase in value of $18,000. Considering the properties together, the

---

[3] Both properties were purchased after the parties began living together and before they were married. There is no evidence of the value of either the apartment complex or the house as of the date when the parties were married, and husband does not challenge using the purchase price as the value.

increase in their value is $15,000. Wife is entitled to half of that increase.

Husband asks us to award him the house free of wife's interest. We award the house to him, subject to a lien by wife securing her judgment. If husband does not pay the judgment within one year of the date of the appellate judgment, the house shall be sold to satisfy the judgment.

Judgment modified to award wife judgment of $7,500 and to award house to husband subject to a lien securing the judgment, provided that, if the judgment is not satisfied within one year of the appellate judgment, the house shall be sold to satisfy the judgment; otherwise affirmed. No costs to either party.